Amy Duncan, Esq. (State Bar No. 235215)
CLIFFSIDE MALIBU
24955 Pacific Coast Highway
Suite A-103
Malibu, CA 90265
Tele (310) 579-1271
Amy.Duncan@cliffsidemalibu.com

**Attorney for Plaintiff**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFSIDE MALIBU, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. BATHUM, an individual COMMUNITY RECOVERY, a California corporation; and COMMONWEALTH GLOBAL.<br><br>Defendant. | CASE NO. 16-CV-7312<br><br>COMPLAINT FOR:<br><br>1. FALSE DESIGNATION OF ORIGIN, VIOLATION OF 15 U.S.C. § 1123(A)<br>2. DILUTION OF TRADEMARK, VIOLATION OF 15 U.S.C. § 1125(C)<br>3. COUNTERFEITING OF TRADEMARK; VIOLATION OF 15 U.S.C. § 1114<br><br>JURY TRIAL DEMANDED |

Plaintiff Cliffside Malibu hereby alleges as follows:

## SUMMARY OF ALLEGATIONS

1. Defendant Christopher J. Bathum, owner of defendant Community Recovery, is one of the most notorious figures in the substance abuse treatment world. Bathum has been accused of everything from possession of drugs to coercing clients to have sex with him. In an effort to whitewash Community Recovery's record while continuing in the treatment industry, it purportedly was "sold" to defendant Commonwealth Global, on information and belief, another enterprise controlled by Bathum.

2. In contrast, plaintiff Cliffside Malibu is nationally recognized as a luxury provider of the finest treatment for substance addiction.

3. Knowing that his reputation and that of Community Recovery are tarnished, Bathum has schemed to grow his new endeavor using the goodwill and registered trademark of plaintiff Cliffside Malibu. Bathum and the other defendants have engaged in an online marketing campaign purporting to be Cliffside Malibu. However, when clicked, the ad redirects to www.cr-la.com, the Community Recovery URL, which then redirects to the Commonwealth Global website.

4. The threat to Cliffside Malibu's reputation and business interests from this infringement is undeniable. If the infringement is not stopped, Cliffside Malibu will be inextricably associated with Bathum, his companies, and their alleged wrongdoings.

## IDENTIFICATION OF PARTIES

5. Plaintiff CLIFFSIDE MALIBU ("Cliffside") is a California corporation with its principal place of business in Los Angeles County, California.

6. Defendant CHRISTOPHER J. BATHUM ("Bathum") is an individual residing in Los Angeles County, California.

7. Defendant COMMUNITY RECOVERY is a California corporation with its principal place of business in Los Angeles County, California.

8. On information and belief, defendant COMMONWEALTH GLOBAL ("Commonwealth and, collectively with Bathum and Community Recovery, "Defendants") is a California company with its principal place of business in Los Angeles County California.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is present pursuant to 28 U.S.C. § 1331 inasmuch as the action arises under the laws of the United States.

10. Personal jurisdiction is present and venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff and all of Defendants reside and are present in this judicial district and because a substantial part of the events giving rise to the claims herein occurred.

## FACTS COMMON TO ALL COUNTS

11. Cliffside a California-licensed drug and alcohol rehabilitation treatment facility located in Malibu, California, which has been operating in that capacity since 2004. From its founding in 2004, Cliffside has consistently used the name "Cliffside Malibu" in commerce to market its business.

12. Cliffside is the owner of the registered trademark "Cliffside Malibu," United States Patent and Trademark Office Registration Number 3555988 (the "Mark"), which was registered on January 6, 2009. Since that time, Cliffside has spent hundreds of thousands of dollars building its brand and promoting the Mark, especially through online marketing. As a result of these efforts, Cliffside is recognized internationally as an industry leader and enjoys substantial goodwill and a valuable reputation in the industry.

13. Bathum is the owner of Recovery and, on information and belief, the owner of Commonwealth.

14. On June 17, 2016, ABC's 20/20 ran an hour long expose of Bathum, which can be viewed at http://abc.go.com/shows/2020/episode-guide/2016-06/17-061716-rehab-mogul. In that expose, 20/20 recounted allegations that Bathum used

his position at Community Recovery to target women struggling with addiction and once they were admitted to the Community Recovery program on a scholarship, Bathum coerced them into having sex with him. His accusers also alleged that Bathum was high on drugs, including methamphetamine, during his encounters with them and forced them to use as well.

15. 20/20 also reported that the FBI and the Los Angeles County are investigating Bathum and Community Recovery for fraud.

16. Later in June 2016, Bathum was arrested in Lost Hills for possession of a controlled substance.

17. While Bathum and Community Recovery deny all allegations against them, the amount of negative publicity from the reports was too much. Bathum ultimately resigned from his position as chairman of the board of Community Recovery shortly after his arrest.

18. In an attempt to further distance his business from his bad press, Bathum recently sold Community Recovery to Commonwealth. However, on information and belief, Commonwealth is owned in large part by Bathum and is nothing more than a strawman attempt to clean the slate of Bathum's wrongdoing.

19. The website for Commonwealth Global references Community Recovery at the bottom of its landing page. A true and correct printout of that webpage is attached hereto as **Exhibit A**.

20. Knowing that they could not market Commonwealth under Bathum's name or that of Community Recovery, Defendants came up with a scheme whereby they would capitalize on the goodwill of other well-known Malibu treatment facilities.

21. Defendants took out a GoogleAd using the Mark but linking to the Community Recovery website. This ad is displayed in the results of a Google search for "Cliffside Malibu." The title of the ad simply states "Cliffside Malibu." However, the link provided in the ad was www.cr-la.com—the Community

Recovery website, which is registered to Bathum. The link then redirected to http://commonwealthglobal.squarespace.com/—the Commonwealth website. A true and correct copy of Google results for the search "Cliffside Malibu" returning Defendants' ad, accessed on September 22, 2016, is attached hereto on **Exhibit B**.

22. Cliffside never authorized Defendants, nor any of them, to use the Mark for any purpose whatsoever.

23. On September 8, 2016, Cliffside sent a letter to Defendants demanding that they cease and desist from any infringement. A true and correct copy of the September 8, 2016 letter is attached hereto as **Exhibit C**.

24. Nonetheless, Defendants continue to run the ad and knowingly and willfully infringe on Cliffside's Mark.

## FIRST COUNT

**(False Designation of Origin, Violation of 15 U.S.C. § 1125(a))**

25. Plaintiffs incorporate herein by reference the above-stated allegations as though fully set forth herein.

26. At all relevant times, Cliffside was the owner of the Mark.

27. At all relevant times, the Mark was registered on the principal register of the United States Patent and Trademark Office.

28. Defendants' used the Mark in commerce in their GoogleAds advertisement for their competing business.

29. Defendants' use of the Mark is likely to cause confusion or mistake or to deceive as to the affiliation of Cliffside to Defendants.

30. Cliffside has never authorized Defendants, or any of them, to use the Mark in any manner for any purpose whatsoever.

31. Defendants' unauthorized use of the mark was knowing and willful.

32. Cliffside has been damaged or is likely to be damaged by Defendants' unauthorized use of the Mark.

**SECOND COUNT**

**(Dilution of Trademark, Violation of 15 U.S.C. § 1125(c))**

33. Plaintiffs incorporate herein by reference the above-stated allegations as though fully set forth herein.

34. At all relevant times, Cliffside was the owner of the Mark.

35. The Mark— "Cliffside Malibu"—is a famous mark with worldwide recognition.

36. After the Mark became famous, Defendant commenced use of the Mark in commerce by advertising their competing business by using the Mark.

37. Defendant's use of the Mark is likely to cause dilution by tarnishment of the Mark, inasmuch as Defendants willfully intends and intended their use to harm the reputation of the Mark.

38. Cliffside has no adequate remedy at law.

39. If Defendants are not enjoined from using the Mark as proposed, Cliffside will suffer irreparable injury.

**THIRD COUNT**

**(Counterfeit Mark, Violation of 15 U.S.C. § 1114)**

40. Plaintiffs incorporate herein by reference the above-stated allegations as though fully set forth herein.

41. At all relevant times, Cliffside was the owner of the Mark.

42. At all relevant times, the Mark was registered on the principal register in the United States Patent and Trademark Office for alcohol, drug, and substance abuse treatment.

43. Defendants' use of "Cliffside Malibu" is identical with or substantially indistinguishable from the Mark.

44. Defendants used "Cliffside Malibu" in commerce in connection with the provision of services, namely alcohol, drug, and substance abuse treatment.

45. Defendants used “Cliffside Malibu” knowing the use would infringe upon Cliffside’s Mark with the intent to imitate Cliffside and thereby cause confusion, mistake, and to deceive the public into believing Defendants were associated with Cliffside.

46. Cliffside never authorized Defendants, nor any of them, to use the Mark in any manner for any purpose whatsoever.

47. Defendants’ use of the Mark is likely to cause confusion in the marketplace.

48. Cliffside was damaged as a result of Defendant’s actions described herein.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant:

On the First Count as follows:

1. For damages in favor of Cliffside against Defendants in an amount to be determined at trial but in no event less than $1,000,000;

2. For and costs incurred herein, including attorneys’ fees; and

3. For such other and further relief as the Court may deem just and proper.

On the Second Count as follows:

1. For damages in favor of Cliffside against Defendants in an amount to be determined at trial but in no event less than $1,000,000;

2. For a permanent preventing Defendants from using the Mark in commerce;

3. For and costs incurred herein, including attorneys’ fees; and

4. For such other and further relief as the Court may deem just and proper.

On the Third Count as follows:

1. For the maximum statutory damages allowed under 15 U.S.C. § 1117(c) for willful counterfeit of the Mark;

2. For a permanent injunction preventing Defendants from using the Mark in commerce;

3. For attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: September 28, 2016

Amy Duncan, Esq.
Attorney for Cliffside Malibu, Inc. and Richard Taite